23 N.J. Super. 146 (1952)
92 A.2d 646
MORRISTOWN SCHOOL, INC., INDIVIDUALLY AND AS SUBSTITUTED TRUSTEE OF THE MORRISTOWN SCHOOL ENDOWMENT FUND, PLAINTIFF,
v.
THEODORE D. PARSONS, ATTORNEY-GENERAL OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 20, 1952.
*147 Messrs. Soons & Durand (Mr. Doane Twombly, appearing), attorneys for plaintiff.
Mr. Theodore D. Parsons, Attorney-General, pro se.
SPEAKMAN, J.C.C. (temporarily assigned).
Plaintiff Morristown School, Inc., a non-profit corporation, is a small private preparatory school for boys located on Whippany Road in Morristown, New Jersey. It is substituted trustee of the Morristown School Endowment Fund, a charitable trust. See Crane v. Morristown School Foundation, 120 N.J. Eq. 583 (E. & A. 1936). The fund was originally created in 1917 and has been built up over the years by donations and solicited contributions from people interested in the school.
In recent years the school has prospered under its present leadership. During the period from 1942 to 1949 its enrollment increased from 38 to 103 boys. Its graduates during the past four years attended 45 different colleges throughout the country and their records in these various institutions have been excellent.
In May 1950 the school gymnasium was destroyed by fire. Replacement of this vital school facility was essential. The trustees of the plaintiff employed a well known organization which specializes in fund-raising for educational institutions to conduct a campaign among the parents, alumni and friends of the school to create a fund to build a new gymnasium. The net sum of $38,000 was raised after an intensive four and one-half months' campaign. This sum, plus $21,500 insurance money, was used to commence the erection of a new gymnasium. Construction of the foundation and basement consisting of locker rooms, heating plant and major plumbing and electrical facilities has exhausted *148 the entire fund. Before the gymnasium can serve any useful purpose it will be necessary to add a roof, walls and a basketball court. Continued effort has succeeded in raising a small additional sum, but the most conservative estimates indicate that an additional $40,000 is needed to complete the gymnasium.
Modern education stresses the development of completely rounded individuals. It is well recognized that a gymnasium is an essential part of an up to date school plant, and that without one a school cannot successfully compete for students. The serious decline in the enrollment of students at the school since the fire attests to this fact: for the year 1951-52 enrollment has dropped below 90 for the first time since 1944. It is the conviction of the headmaster and trustees of the school that if the gymnasium is not completed student enrollment will continue to drop, and the school in all probability will be unable to survive.
The present value of the endowment fund is slightly under $70,000. Since 1943 when the plaintiff received the fund from its predecessor the income therefrom has been used for scholarship purposes.
The original resolution of the board of trustees of Morristown School Foundation of January 1917 establishing the fund provides as follows:
"* * * the income of which fund shall be used from time to time, in the discretion of said trustees, for increasing the salaries of masters and teachers, for providing scholarships to pay the tuition in whole or in part of worthy boys, otherwise unable to secure the opportunities and privileges offered and/or for any general purposes that may be necessary or desirable."
Paragraph II H of plaintiff's certificate of incorporation provides that one of the purposes for which the school was formed is:
"To act as trustee or manager of any property, endowment, legacy, bequest or gift for educational or other purposes, and to invest the same in such manner as shall seem best to the corporation."
*149 In view of the dire emergency confronting the school the plaintiff seeks the judgment of this court either (1) to permit it to invade the corpus of the fund to the extent of $40,000 to complete the construction of the gymnasium, or alternatively, in the second count, (2) that it loan to itself individually from the fund the sum of $40,000 by investing that amount in a second mortgage secured by the lands and buildings of the school, with interest at 5%, the principal to be amortized from contributions to the fund.
There is presently a first mortgage on the lands and buildings in the sum of $37,000. The present value of the lands and buildings is in excess of $100,000, and when the gymnasium is completed the total value of the lands and buildings will be in excess of $200,000, so there appears to be more than ample security for the proposed loan.
Unless the gymnasium is completed it appears more than probable that the school must eventually close. If this should happen there will be no students to benefit from the fund and the beneficent purposes for which it was created will be frustrated. To prevent this it is desirable and proper that the sum of $40,000 be made available to the plaintiff to complete the construction of the gymnasium. If the school survives there appears to be little doubt that contributions will continue to be made to the fund. It also seems desirable that the principal of the fund, for the present, remain intact. These two objects can be realized by permitting the plaintiff to invest in a second mortgage.
Plaintiff's motion for summary judgment upon the demand set forth in the second count of the complaint is therefore granted. Judgment may be entered accordingly.