46 N.J. Super. 594 (1957)
135 A.2d 221
THE TRUSTEES OF THE ALEXANDER LINN HOSPITAL ASSOCIATION, INC., AS TRUSTEES UNDER THE WILL OF ELIZABETH K. WILSON, PLAINTIFFS,
v.
GROVER C. RICHMAN, JR., ATTORNEY-GENERAL, AND THE ALEXANDER LINN HOSPITAL ASSOCIATION, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 7, 1957.
*596 Mr. Emanuel A. Honig, attorney for plaintiffs.
Mr. Grover C. Richman, Jr., Attorney-General (Mr. Samuel B. Helfand, Deputy Attorney-General, appearing).
SULLIVAN, J.S.C.
Elizabeth K. Wilson died a resident of Sussex County on September 20, 1955, and her last will and testament has been admitted to probate. Paragraph twenty-three of the Will reads as follows:
"All the rest and residue of my property and estate remaining after the above legacies have been paid thereout I direct shall be paid over to the Trustees of the Alexander Linn Hospital in Sussex, New Jersey, in memory of Dr. Emerson B. Potter and his wife, Maritta Howell Potter, and the Howell family and direct that the same shall be added to their trust fund and the income thereof and therefrom to be used for hospital purposes."
The Alexander Linn Hospital is a public, nonsectarian hospital in the Borough of Sussex, Sussex County, New Jersey, and was incorporated under the laws of the State of New Jersey in 1918.
It appears that the net residuary estate of Elizabeth K. Wilson which will come into the hands of the trustees of *597 the hospital will exceed $210,000. The trustees of the hospital have filed a suit asking for alternative relief. Primarily they ask the court to rule that the bequest is an absolute and outright gift to the hospital, and that the trustees are free to use corpus and income as they see fit so long as it is used for hospital purposes.
In the event that the court determines that the legacy or bequest is in trust, and that the income only may be used, the plaintiffs ask this court to recognize the necessitous circumstances presently facing the hospital. A new main building has recently been erected and while a fund-raising drive was able to secure substantial sums of money, it was necessary to borrow $200,000 on a ten-year mortgage loan, to defray building costs. Amortization and interest charges thereon are considerable. The new building has been partially furnished and equipped, but $25,000 is needed to complete the same, and funds for that purpose are not now available. The hospital does not operate on a profitable basis. It is not endowed nor does it have any trust funds of any kind outside of the fund under consideration. In view of the foregoing, the plaintiffs ask that they be permitted to use the corpus of the trust fund, or at least borrow from it, to reduce the mortgage debt and finish the furnishing and equipping of the new main building, and secure repayment by giving a mortgage on the hospital property. The hospital has in the past received grants from charitable foundations and gifts and legacies from benefactors. These sources of funds are expected to continue and the plaintiffs are reasonably certain that the hospital can repay any sums borrowed.
There is no doubt but that under paragraph twenty-three of decedent's will she intended to and did establish a charitable trust, the income of which only, was to be made available for hospital purposes. Ordinarily the intent of the settlor controls, and any use of the trust estate must be in conformity with the settlor's instructions. However, this court has inherent power under appropriate circumstances to authorize the trustees of a charitable trust to invade the corpus thereof, even where the use is limited to income only. *598 Restatement, Law of Trusts, sec. 167. Such authorization may be either on a permanent basis if the situation warrants such drastic action, Merchants Bank & Trust Co. v. Garrett, 203 Miss. 182, 33 So.2d 603 (Sup. Ct. 1948) (cf. Laws Vermont 1937, No. 79), or take the form of a temporary use. Morristown School, Inc., v. Parsons, 23 N.J. Super. 146 (Ch. Div. 1952).
The basis for such equitable jurisdiction is the interest of the public in charitable trusts. Where, therefore, the very existence of the trust is in danger or its successful operation threatened, this court has the power to protect the public welfare by stepping in and modifying the settlor's intent to the extent necessary to preserve and continue the charitable trust. However, it is desirable that the trust fund remain intact if it is at all possible. The situation presented appears to be capable of solution by permitting the hospital to borrow from the trust sufficient funds to substantially reduce the hospital debt and complete the equipping and furnishing of the new main building. The sum borrowed from the trust is to be secured by a second mortgage on the hospital property. Morristown School, Inc., v. Parsons (supra). Since the hospital is entitled to the income from the trust, the mortgage will not bear any interest. Repayment of the principal is to be on such terms as the plaintiffs and the Attorney-General's office can agree on, subject to approval by this court.